Karen Lunt
5436 Taft Avenue
La Jolla, CA 92037
Tel: (858) 752-0280
klunt@hotmail.com

Plaintiff In Pro Se

2012 NOV 19 AM 8:58

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LUNT,<br><br>    Plaintiff,<br><br>v.<br><br>JANET NAPOLITANO,<br>SECRETARY OF THE<br>DEPARTMENT OF HOMELAND<br>SECURITY,<br><br>    Defendant. | Case No. **'12 CV 2773 CAB NLS**<br><br>COMPLAINT FOR REINSTATEMENT, BACK AND FUTURE PAY, DAMAGES AND ATTORNEY'S FEES BASED ON DISCRIMINATION AND RETALIATION IN VIOLATION OF CIVIL RIGHTS ACT OF 1964, AS AMENDED; DEMAND FOR JURY TRIAL |

Plaintiff alleges:

1) This action arises and the jurisdiction of this Court is invoked under 42 U.S.C. Sections 2000e-16 (c) and 2000e-5 (f) through (k) of the Civil Rights Act of 1964 as amended.

- 1 -

2) Venue is properly in the Southern District of California ("District") as Plaintiff is a resident of the District, the discriminatory and retaliatory actions alleged occurred within the District, and Plaintiff's employment would have continued but for said discriminatory and retaliatory actions.

3) On or about June 9, 2011 Plaintiff received notice of her removal from the position of Special Agent with the U.S. Immigration and Customs Enforcement branch of the Department of the U.S. Department of Homeland Security, of which Defendant is the current head. Thereafter, Plaintiff timely filed an appeal to the Merit Systems Protection Board ("MSPB"), alleging as affirmative defenses discrimination in the removal on the basis of actual disability and retaliation against her for complaining about sexual harassment against her and for requesting reasonable accommodation for her disability, in violation of the Civil Rights Act of 1964, as amended. . A hearing was held by the MSPB on the appeal on October 3 and 4, 2011.

4) On or about February 27, 2012 the MSPB issued it initial decision on the appeal, which became final 35 days thereafter. In the initial decision, the MSPB reversed the decision of the agency but found that Plaintiff had not established her aforesaid affirmative defenses of discrimination and retaliation.

5) Thereafter, Plaintiff timely filed with the Office of Federal Operations ("OFO") of the Equal Opportunity Commission ("EEOC") an appeal from the determination of the MSPB that Plaintiff had not established her aforesaid affirmative defenses of discrimination and retaliation.

6) On or about October 16, 2012, the OFO issued its decision on the appeal finding that Plaintiff had not established her aforesaid affirmative defenses of discrimination and retaliation. In the decision Plaintiff was advised that she could file this action within 30 days of her receipt of the decision with the appropriate United States District Court and this action has been filed within said time period.

7) Plaintiff is entitled to a trial de novo in this Court and to a jury trial on the issues presented by the aforesaid affirmative defenses of discrimination and retaliation.

8) Plaintiff is entitled to an order from this Court requiring the reinstatement of her employment with the U.S. Immigration and Customs Enforcement branch of the Department of the U.S. Department of Homeland Security.

9) As a direct and proximate result of the discrimination and retaliation alleged, Plaintiff sustained and will sustain in the future a loss of wages and benefits, the amount of which shall be established by proof at trial.

10) As a further direct and proximate result of the discrimination and retaliation alleged, Plaintiff sustained severe emotional distress and mental anguish, and other consequential damages, the amount of which shall be established by proof at trial.

11) Plaintiff will be required to obtain the services of an attorney in the prosecution of this action. Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit.

WHEREFORE, Plaintiff prays for Judgment against Defendant as follows:

1. For reinstatement of employment
2. For wages and benefits lost and to be lost on account of the discriminatory and retaliatory actions alleged.
3. For compensatory damages, including but not limited to those resulting from the discriminatory and retaliatory actions alleged.
4. For reasonable attorney's fees.
5. For costs of suit.
6. For such other and further relief as the Court deems proper.

Dated: November 19, 2012

_____
Karen Lunt
Plaintiff In Pro Se


DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable thereby as a matter of right.

Dated: November 19, 2012

_____
Karen Lunt
Plaintiff In Pro Se

- 4 -