Joel C. Golden (SBN 47904)
2356 Moore Street, Suite 201
San Diego, CA 92110
Phone: (619) 294-7918
Fax:    (619) 296-8229

Attorney For Plaintiff Karen Lunt

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LUNT, | Case No. 12CV2773 CAB NLS |
| Plaintiff, | **PLAINTIFF LUNT'S FIRST AMENDED COMPLAINT** |
| v. | 1) **DISABILITY DISCRIMINATION IN VIOLATION OF SECTIONS 501 AND 505 OF THE REHABILITATION ACT OF 1973 AND THE ADA;** |
| JANET NAPOLITANO, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, | 2) **UNLAWFUL REPRISAL AND RETALIATION IN VIOLATION OF 42 U S. C. SECTION 12203 AND OTHER STATUTES; AND** |
| Defendant. | 3) **UNLAWFUL DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII** |

1

# JURY TRIAL DEMANDED

Plaintiff Karen Lunt, by and through her attorney, Joel C. Golden, hereby alleges:

1) This action arises and the jurisdiction of this Court is invoked under 42 U.S.C. 2000e-16(c) and 2000e-5 (f) through (k) of the Civil Rights Act of 1964 as amended, 42 U.S.C. 12203 and Sections 501 and 505 of the Rehabilitation Act of 1973 and ADA .

2) Venue is proper in this Southern District of California as Plaintiff is a resident of this District and was employed in this District and all of the discriminatory and retaliatory acts and omissions alleged in this First Amended Complaint occurred in this District in the city of San Diego, California where Plaintiff's employment would have continued but for these discriminatory and retaliatory acts;

3) Defendant , Janet Napolitano, Secretary of the Department of Homeland Security, at all times material, was Plaintiff's employer employing her as a Special Agent with the United States Immigration and Customs Enforcement branch of which Defendant Napolitano was the head;

4) On or about June 9, 2011 Plaintiff received notice of her removal

from the position of Special Agent for Defendant. Thereafter, Plaintiff timely filed an appeal to the Merit Systems Protection Board ("MSPB"), challenging Defendant's contention that her removal was based on the stated reasons of 1) Conduct Unbecoming and 2) Lack of Candor;

5) Plaintiff alleged in her MSPB Appeal that the true reasons for removing her were unlawful in that she was removed in retaliation for Filing prior EEO Complaints alleging that she was sexually harassed, discriminated against due to her disability for which her requests for reasonable accommodations were denied. She further alleged gender discrimination and harassment. A hearing was held by the MSPB on the appeal on October 3 and 4, 2011;

6) On or about February 27, 2012 the MSPB issued its initial decision on the appeal, which became final 35 days thereafter. In the initial decision, the MSPB reversed the decision of the agency to remove Plaintiff and ordered her reinstatement with back pay but also ruled that her affirmative defenses of discrimination and retaliation had not been proven;

7) Thereafter, Plaintiff timely filed with the Office of Federal Operations ("OFO") of the Equal Employment Opportunity Commission ("EEOC") an appeal from the determination of the MSPB that Plaintiff had not established her aforesaid affirmative defenses of discrimination and retaliation;

8)  On or about October 16, 2012, the OFO issued its decision on the appeal finding that Plaintiff had not established her aforesaid affirmative defenses of discrimination and harassment. In that decision Plaintiff was advised that she could file this action within 30 days of her receipt of the decision with the appropriated United States District Court and this action has been timely filed in this Court. Prior to filing this action Plaintiff had exhausted her administrative remedies;

9)  Plaintiff seeks and is entitled to a trial de novo in this Court requiring the reinstatement of her employment with the U.S. Immigration and Customs Enforcement Branch of the U. S. Department of Homeland Security;

10)  As a direct and proximate result of the discrimination and retaliation alleged, Plaintiff sustained and will sustain in the future a loss of wages and benefits in an amount to be determined at trial;

11) As a further direct and proximate result of the discrimination and retaliation alleged, Plaintiff suffered severe emotional distress, mental anguish, and other consequential damages including, but not limited to, loss of enjoyment of life, humiliation, embarrassment, depression and damage to her reputation the amount of which will be determined at trial;

12) Plaintiff will be required and has retained the services of an attorney in the prosecution of this action and pursuant to applicable statutes she is entitled to an award of reasonable attorney's fees and costs of this action.

# FIRST CAUSE OF ACTION
# DISABILITY DISCRIMINATION
# VIOLATION OF SECTIONS 501 AND 505 OF THE REHABILITATION ACT OF 1973 AND THE AMERICANS WITH DISABILITY ACT

13) Plaintiff incorporates paragraphs 1-12 of this First Amended Complaint herein as if restated verbatim;

14) The Rehabilitation Act of 1973 makes it unlawful for federal employers to discriminate against federal employees based upon a disability. The regulatory standards of the Americans With Disabilities Act (ADA) have been incorporated by reference into the Rehabilitation Ac and the ADA Amendments Act of 2008 (ADAAA), which liberalized the definition of disability, among other changes is also applicable to Plaintiff's situation;

15) Defendant's removal of Plaintiff from her position and failure to accommodate her because of her disability constitute violations of these laws thereby entitling Plaintiff to recover damages caused by said violations including lost wages, emotional distress and other damages.

## SECOND CAUSE OF ACTION
## UNLAWFUL REPRISAL AND RETALIATION
## VIOLATION OF 42 U.S.C. SECTION 12203

16) Plaintiff incorporates paragraphs 1-15 of this First Amended Complaint herein as if restated verbatim;

17) 42 U.S.C. Section 12203 makes it unlawful for employers to retaliate against or subject employees to reprisal because of said employee protesting, opposing or filing a complaint against said employer because of discrimination or harassment by that employer against that employee based upon gender, disability or any other protected class;

18) Defendant's acts and omissions as stated herein were retaliatory against her due to her protected disclosures of sex discrimination, sexual harassment, disability discrimination and prior EEO complaints constitute violations of these laws thereby entitling Plaintiff to recover damages caused by said violations including lost wages, emotional distress and other damages;

# THIRD CAUSE OF ACTION

## UNLAWFUL DISCRIMINATION AND HARASSMENT VIOLATION OF TITLE VII

19) Plaintiff incorporates paragraphs 1-18 of this First Amended Complaint herein as if restated verbatim;

20) Title VII prohibits an employer from discriminating and/or harassing an employee due to her gender, disability or prior complaints alleging such discrimination of harassment;

21) Defendant's acts and omissions as stated herein were discriminatory and retaliatory against her constituting unlawful discrimination and harassment against her due to her gender and disability and due to her protected disclosures and they constitute violations of these laws thereby entitling Plaintiff to recover damages caused by said violations including lost wages, emotional distress and other damages;

## PRAYER

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1) For reinstatement of employment;

2) For wages and benefits lost and to be lost due to the discriminatory and retaliatory acts and omissions alleged;

3) For compensatory damages including, but not limited to, emotional distress and those resulting from the discriminatory and retaliatory acts and omissions alleged;

4) For reasonable attorney's fees;

5) For costs of this action; and

6) For such other relief as this Court deems just and equitable.

Dated: September 9, 2013    By: *s/Joel C. Golden*
                                            Joel C. Golden
                                            Attorney For Plaintiff Karen Lunt

*PLAINTIFF LUNT'S FIRST AMENDED COMPLAINT*